GUSTAVE KRATZ, RESPONDENT, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, APPELLANT.

Submitted December 11, 1916—Decided March 5, 1917

The provisions of both chapter 35 and chapter 96 of the laws of 1909 are applicable to cases at railroad grade crossings which are provided with safety gates, or other devices for the warning of travelers.

---

On appeal from the Morris Circuit Court.

For the appellant, *Frederic B. Scott.*

For the respondent, *James H. Bolitho.*

The opinion of the court was delivered by

PARKER, J. This case arose out of a railroad crossing accident, and on the trial the plaintiff had a verdict and judgment. The material circumstances of the accident were that the plaintiff was crossing the railroad on foot within the lines of a public highway, as he testified, and was struck by a train just as he was leaving the crossing. The defendant company had installed safety gates which, as the plaintiff claimed,

and as the jury were entitled to find, were up at the time he attempted to cross.

The sole ground of appeal presents a somewhat lengthy extract from the charge of the trial court which need not be quoted at length in view of the character of the exception taken by counsel at the trial, and which is as follows: "I desire to note an exception to your honor's charging that chapter 96, laws of 1909, applies to this case; my thought being that if any statute applies it is chapter 35, laws of 1909, which, to my mind, is essentially different and more beneficial to the defendant." The only inference to which this language of counsel is susceptible is that counsel wished to point out to the court his view that it was erroneous to instruct the jury that chapter 96 was applicable, although chapter 35 might be, and probably was, applicable.

The entire argument of appellant rests upon the proposition just quoted, and the sole ground now urged in support of the proposition that chapter 96 was inapplicable, is contained in the first paragraph of the argument in brief of counsel, viz.: "There was no evidence in the entire case that the appellant was either operating under or had complied with chapter 96 of the laws of 1909, with respect to posting a notice at such crossing, specifying during what hours the gates would be operated, and, in view of that fact, it is contended that the act in question was not the act applicable to the situation shown by the instant case."

It appeared in the testimony that there were safety gates which at the time of the accident were under the control of a towerman employed by the defendant who testified that he was actually operating them at that time as occasion required. There does not seem to be anything in the testimony indicating whether the company had installed any such sign or notice as described in the statute. If there had been such a notice, and the accident had occurred within the hours of non-operation specified therein, it is safe to say that the defendant would have proved that fact; on the contrary, the claim seems to be that because there was no evidence of the existence of such notice, the case should be treated as though there were

in fact no such notice, and from these premises it is argued that the statute, chapter 96 of the laws of 1909, does not apply. The contrary, however, was decided in the recent case of *Brown* v. *Erie Railroad Co.*, 87 *N. J. L.* 487 (at *p.* 495), in which case it was held that not only chapter 35, but also chapter 96, are applicable to such a situation.

In view of this decision the trial court was plainly right in instructing the jury that chapter 96 applied, and, as the remainder of counsel's brief (there was no oral argument) is based wholly upon the alleged error of this instruction, it becomes unnecessary to deal with it in detail. The judgment of the Circuit Court is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 14.

*For reversal*—None.